IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PEGGY E. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19CV00346 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANDREW SAUL, | ) | By: Hon. Glen E. Conrad |
| Commissioner of Social Security, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 1381–1383f. Jurisdiction of this court is established pursuant to 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g).

The court previously referred this case to a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Standing Order 2019-6. On July 28, 2020, the magistrate judge submitted a report in which he recommends that the court affirm the Commissioner's final decision. Plaintiff has filed objections to the magistrate judge's report, and the matter is now ripe for the court's consideration.

The court is charged with performing a de novo review of the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1)(B). In the instant case, the court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that the plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640, 642 (4th

Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and citation omitted). Thus, "the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Administrative Law Judge. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

The plaintiff, Peggy E. Martin, was born on August 16, 1959. She eventually graduated from high school, became a licensed hair stylist, and operated her own salon business. (Tr. 11, 32, 264). She worked on a regular and sustained basis until August of 2012, when she suffered a traumatic brain injury in a horse riding accident. (Tr. 16, 264). Since that time, Ms. Martin has worked on a part-time basis. However, the Administrative Law Judge ("Law Judge") determined that the work she performed after her application date did not rise to the level of substantial gainful employment. (Tr. 17).

On October 2, 2014, Ms. Martin filed an application for supplemental security income benefits. In filing her current claim, Ms. Martin alleged that she became disabled for all forms of substantial gainful employment on August 12, 2012, due to a traumatic brain injury, fatigue, lack of stamina, daily headaches, neck pain, tailbone pain, chest pain, episodes of dizziness, depression, and anxiety. (Tr. 275). Ms. Martin now maintains that she has remained disabled to the present time.

Ms. Martin's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before a Law Judge. In an opinion dated March 16, 2018, the Law Judge also determined, after applying the five-step sequential evaluation process, that Ms. Martin is not disabled. See 20 C.F.R. § 416.920.* The Law Judge found that Ms. Martin suffers from several severe impairments, including affective disorder, organic mental disorder, and anxiety disorder, but that these impairments do not, either individually or in combination, meet or medically equal the requirements of a listed impairment. (Tr. 17–19). The Law Judge assessed Ms. Martin's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitation: She is limited to performing simple, routine tasks. The claimant is limited to simple work related decisions. She can occasionally interact with supervisors and co-workers.

(Tr. 23). Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge determined that Ms. Martin is unable to perform her past relevant work as a hair stylist or small business owner. (Tr. 34). However, the Law Judge found that Ms. Martin retains the capacity to perform other unskilled work roles existing in significant number in the national economy. (Tr. 35). Accordingly, the Law Judge concluded that Ms. Martin is not disabled, and that she is not entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Martin has now appealed to this court.

---

* The process requires the Law Judge to consider, in sequence, whether a claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and (5) if not, whether she can perform other work in the national economy. 20 C.F.R. § 416.920. If a decision can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. Id.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159–60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

As previously noted, the court referred the case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition. In his report, the magistrate judge recommended that the court affirm the final decision of the Commissioner denying the plaintiff's claim for supplemental security income benefits. Succinctly stated, the magistrate judge determined that substantial evidence supports the Law Judge's finding that Ms. Martin retains the residual functional capacity to perform certain unskilled work roles and is therefore not disabled under the Social Security Act.

In her objections to the report and recommendation, Ms. Martin takes issue with the magistrate judge's findings and conclusions as to two overarching issues raised in her motion for summary judgment. The first is whether the Law Judge's assessment of Ms. Martin's mental impairments and associated functional limitations is supported by substantial evidence. Ms. Martin argues that the Law Judge's findings regarding her residual functional capacity ("RFC") did not sufficiently accommodate her noted difficulties with concentration, persistence, pace, and social interaction. For the following reasons, the court is unable to agree.

Ms. Martin's argument rests on Social Security Ruling 96-8p, 1996 SSR LEXIS 5 (July 2, 1996), which describes how a claimant's RFC should be assessed. See Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015). The Ruling instructs the Law Judge to make "a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." 1996 SSR LEXIS 5, at *8. The Ruling further explains that the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id. at *19. "In other words, the [Law Judge] must both identify evidence that supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (internal quotation marks and citations omitted).

The United States Court of Appeals for the Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis" as required by the Ruling. Mascio, 780 F.3d at 635. Instead, the Court has explained that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. For example, in Mascio, the Law Judge credited the claimant's diagnosis of an adjustment disorder and also found that she had moderate difficulties with concentration, persistence, or pace. 780 F.3d at 638. Nonetheless, the Law Judge "'ignor[ed] (without explanation) Mascio's moderate limitation in her ability to maintain her concentration, persistence, or pace' when he conducted the function-by-function analysis, and 'said nothing about Mascio's mental limitations' in the hypothetical posed to the vocational expert." Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020) (quoting Mascio, 780 F.3d at 633,

637). Because the Law Judge "gave no explanation" for these omissions, a remand was required. Mascio, 780 F.3d at 638.

The Fourth Circuit has since explained that Mascio "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." Shinaberry, 952 F.3d at 121. Instead, the decision underscored the importance of explaining how RFC findings adequately account for a claimant's work-related limitations. Id.; see also Mascio, 631 F.3d at 638 ("For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the claimant's] ability to work, in which case it would [be] appropriate to exclude it from the hypothetical tendered the vocational expert."). Moreover, "[w]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." Shinaberry, 952 F.3d at 121 (internal quotation marks and citation omitted); see also Sizemore v. Berryhill, 878 F.3d 72, 80–81 (4th Cir. 2017) (rejecting argument that remand was required under Mascio where the opinions of the state agency psychologists supported the Law Judge's assessment of the claimant's residual functional capacity). Thus, "as is usually true in determining the substantiality of evidence," a "case-by-case" inquiry is required. Shinaberry, 952 F.3d at 121 (internal quotation marks and citation omitted).

In this case, the Law Judge recognized that Ms. Martin has mild or moderate difficulties with concentration, persistence, pace, and social interaction. Nonetheless, the Law Judge concluded that, despite such difficulties, Ms. Martin retains the capacity to perform "simple, routine tasks," make "simple work related decisions," and "occasionally interact with supervisors and co-workers." (Tr. 23). In assessing Ms. Martin's RFC, the Law Judge gave "significant

weight" to the opinions of the state agency psychologists, Richard Milan, Ph.D., and Joseph Leizer, Ph.D., both of which clearly supported the Law Judge's RFC findings. (Tr. 29). Dr. Milan and Dr. Leizer rated Ms. Martin has having moderate limitations in the categories of "sustained concentration and persistence" and "social interaction." (Tr. 100–01, 113–14). Nonetheless, both psychologists determined that Ms. Martin remains capable of performing simple tasks or unskilled work on a regular and sustained basis:

> . . . She is capable of making simple decisions and can carry out simple instructions. She is able to attend to simple work duties for 2-hour periods with usual breaks, completing a normal workday and workweek.
>
> . . .
>
> The claimant is socially isolated, however, the claimant is able to interact appropriately with the general public. She is capable of asking simple questions and accepting instruction.

(Tr. 101, 114).

The Law Judge also determined that the RFC assessment was supported by the objective medical evidence, other opinions in the record, plaintiff's own statements and testimony, and her reported activities. (Tr. 34). For instance, in March of 2013, less than eight months after the horse riding accident, Dr. Trevar Chapmon noted that Ms. Martin was "doing well" and no longer taking any medications. (Tr. 365–66). Ms. Martin reported having "no problems with mood, concentration, [or] memory," and advised Dr. Chapmon that she was ready to begin working and driving again. (Tr. 365). A neurological examination revealed no gross deficits, plaintiff's speech was clear and appropriate, and she answered questions without difficulty. (Tr. 365). In May of 2013, Ms. Martin presented for a neuropsychological evaluation performed by William R. Wellborn, III, Ph.D. Despite diagnoses of traumatic brain injury and adjustment disorder, Dr. Wellborn determined that Ms. Martin was "doing very well overall" and "could return to work"

from a neuropsychological standpoint. (Tr. 1034). Since Ms. Martin had previously operated a hair salon, Dr. Wellborn "suggested that she go to work for somebody else" before reopening her own business. (Tr. 1034). During a consultative evaluation the following month, Ms. Martin once again expressed the desire to return to work and reopen her own salon. (Tr. 352). Based on the evaluation, Dr. Jeffrey Luckett opined that Ms. Martin would be able to work on "at least a . . . 20 to 30 hour per week basis." (Tr. 352) (emphasis added). The following year, Ms. Martin denied having problems with memory or concentration and was found to be "doing well overall." (Tr. 385–86). Since that time, Ms. Martin has worked at McDonald's, where she would "socialize with everybody" and "get whatever they needed," and for a friend's landscaping business. (Tr. 54–55). She has also been "doing hair and cleaning houses whenever [she] can." (Tr. 53).

Upon review of the record, the court is convinced that the Law Judge's assessment of plaintiff's mental impairments and associated functional limitations is supported by substantial evidence. The Law Judge exhaustively reviewed Ms. Martin's treatment records, her testimony and reported activities, and the opinion evidence. The Law Judge reasonably relied on the opinions of the state agency psychologists and other evidence in the record in concluding that, despite her difficulties with concentration, persistence, pace, and social interaction, Ms. Martin retains the capacity to perform simple, routine tasks, make simple decisions, and occasionally interact with supervisors and co-workers. Accordingly, remand is not required under Mascio or Social Security Ruling 96-8p, and the plaintiff's first objection is overruled.

In her second objection, Ms. Martin argues that the magistrate judge erred in concluding that the Law Judge's assessment of her subjective allegations is supported by substantial evidence. Relying on the Fourth Circuit's decision in Brown v. Commissioner, 873 F.3d 251, 269 (4th Cir.

2017), Ms. Martin argues that the Law Judge did not build an accurate and logical bridge from the evidence to his conclusion that her testimony and subjective complaints were not entirely credible. Upon review of the record, the court is unpersuaded.

The Law Judge determined that Ms. Martin's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 32). The Law Judge provided a number of specific reasons for this determination. For instance, the Law Judge noted that Ms. Martin's "treatment has been essentially routine and/or conservative in nature since the application date of October 2, 2014," and that such treatment has been "generally successful in controlling [Ms. Martin's] symptoms." (Tr. 32). Indeed, shortly after the application date, Ms. Martin reported that she was "doing pretty well," that she was not having any difficulties with memory or concentration, and that she was trying to reopen her hair salon. (Tr. 385). The Law Judge also noted that Ms. Martin worked part-time in various positions from 2014 to 2018, and that she reported engaging in activities that were not entirely consistent with complaints of disabling limitations. (Tr. 32–33). For instance, Ms. Martin testified during the administrative hearing that she was able to read and run as well as she could before the horse riding accident. (Tr. 61, 70). Ms. Martin also reported that she was able to resume driving after the accident, that she worked in her yard and flower garden during the day, and that she could perform activities of daily living "without difficulty." (Tr. 349, 380).

Upon review of the record, the court is unable to discern any reversible error in the Law Judge's credibility findings. Unlike in <u>Brown</u>, the Law Judge carefully considered Ms. Martin's medical history along with her allegations regarding the symptoms of her impairments. The court agrees that the plaintiff's allegations of totally disabling symptoms are somewhat inconsistent with

9

the findings on examination, the complaints documented in the treatment records, and the plaintiff's reported activities. Although the Law Judge may not disregard "the limited extent" of the daily living activities described by a plaintiff, Brown, 873 F.3d at 269, it is appropriate for a Law Judge to consider whether complaints of disabling limitations are consistent with evidence regarding the plaintiff's routine, non-work activities. See Johnson, 434 F.3d at 652 (holding that the Law Judge logically reasoned that the ability to engage in certain activities was inconsistent with the plaintiff's allegations of disabling pain and physical limitations). The Law Judge may also appropriately consider any work performed by the claimant, even if it did not rise to the level of substantial gainful activity. See 20 C.F.R. § 416.929(c)(3) ("We will consider all of the evidence presented, including information about your prior work record . . . ."); id. § 416.971 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."). Ultimately, it is the province of the Law Judge to make credibility determinations and to resolve inconsistencies or conflicts in the evidence. See Johnson, 434 F.3d at 652. In Ms. Martin's case, the court is satisfied that substantial evidence supports the Law Judge's decision not to fully credit her testimony. Consequently, the court must overrule the plaintiff's second objection.

In sum, after a de novo review of the record and for the reasons set forth above, the court is constrained to conclude that the final decision of the Commissioner is supported by substantial evidence. Accordingly, the plaintiff's objections to the magistrate judge's report are overruled, the magistrate judge's recommendation will be adopted, and the final decision of the Commissioner will be affirmed.

The Clerk is directed to send certified copies of this memorandum opinion to all counsel of record.

DATED: This 31st day of August, 2020.

_____
Senior United States District Judge